SMITH v. STATE.

4168                                            140 S. W. 2d 675

Opinion delivered May 27, 1940.

*Wesley Howard* and *Geo. R. Steel,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

BAKER, J. Appellant was tried and convicted of burglary and grand larceny in the circuit court of Sevier county, and the judgment of conviction was affirmed by this court on appeal, 199 Ark. 900, 136 S. W. 2d 673. A petition for rehearing was denied.

PAGE 767]

Application was made to this court for permission to petition the circuit court in which Smith had been convicted for a writ of error *coram nobis*. The right so to proceed was granted.

The petition thereafter filed in the Sevier circuit court alleged defendant's innocence of the crimes for which he had been convicted and pleaded, by way of establishing his lack of guilt, the fact that the principal witness against him had recanted and in addition that two ex-convicts of Texas had, since his arrest and conviction, confessed that they had burglarized the depot at Gillham, Arkansas, and stolen the particular items of property for the theft of which the appellant had been convicted.

The two men who confessed the particular burglary and theft had been arrested by two post office inspectors, Mr. A. O. Curry and Mrs. W. G. McMillan, who furnished prepared statements taken from their prisoners with an explanatory letter. Since these arresting officers no doubt believed their prisoners guilty, it may be conceded their statements and letters made part of appellant's petition were, at least, very strongly pursuasive. These were part of the petition.

The prosecuting attorney filed a demurrer to appellant's petition, whereupon the trial court dismissed appellant's plea. From this order is the appeal.

Counsel have kindly furnished a more detailed statement of the issues presented and considered in the trial court. It was the contention of the state that appellant's petition was in effect, merely, (1) a motion for a new trial upon the grounds of newly discovered evidence, and, (2) the trial court was without jurisdiction to hear and grant the relief sought, for the reason the term of court at which appellant had been convicted had lapsed.

It is somewhat grudgingly admitted by appellant that the provisions of the statutes providing for a new trial in civil cases on the grounds of newly discovered evidence, Pope's Digest, § 8246, can not be invoked here. Nor is there any similar provision in the law of criminal procedure. It is somewhat gently hinted that we should,

by judicial fiat, bridge this chasm of deficiency in the law of criminal procedure. The answer must be that such rights are statutory, purely, and if there is a legal hiatus in such procedure, the remedy is legislative.

Appellant cites an announcement from *State* v. *Hudspeth,* 191 Ark. 963, 88 S. W. 2d 858, as follows: "A writ of error *coram nobis* lies for the purpose of obtaining a review and correction of a judgment by the same court which rendered it, with respect to some error of fact, not of law, affecting the validity and regularity of the judgment. 34 C. J. 390."

The quoted comment made in the cited case had reference to a matter therein considered to the effect that Hudspeth was asserting that at the time of his trial he was under fear of mob violence and on that account did not offer certain proof, or was prevented from presenting actual matters of fact. No similar condition is found in this case. When appellant was convicted there was no "error of fact affecting the validity and regularity of the judgment."

It was so held, also, in the case of *Howard* v. *State,* 58 Ark. 229, 24 S. W. 8. It is quite clearly stated in the last cited case "that a writ of error *coram nobis* may not be used to contradict any fact already adjudicated," and after making such declaration the court defined the office of the writ. Its purpose is to afford relief, as illustrated, "where the error assigned is not for any fault of the court; those errors which precede the judgment—as error in the process, . . . ; where defendant was insane at the time of the trial, or died before judgment." Suffice it to say, appellant's position here does not place him within the pale of protection afforded by the writ as defined.

To the same effect, but with some degree of elaboration, this court by stating facts in cases considered, has made clear that a new trial may not be granted by employment of the writ merely because of the development after the trial of the utter unreliability of the state's witness so that grave doubts of guilt appear. *Beard* v.

*State,* 81 Ark. 515, 99 S. W. 837; *Osborne* v. *State,* 96 Ark. 400, 132 S. W. 210. See, also, 16 C. J., p. 1327.

No error appears.

Affirmed.

GRIFFIN SMITH, CJ., not participating.