
SLIP OPINION

# SUPREME COURT OF ARKANSAS

**No.** CR-03-1294

| | | |
|---|---|---|
| LEWIS J. WHITE | **PETITIONER** | **Opinion Delivered** September 4, 2014 |
| v. | | PRO SE PETITION TO REINVEST JURISDICTION IN THE CIRCUIT COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-03-359] |
| STATE OF ARKANSAS | **RESPONDENT** | <u>PETITION DENIED</u>. |

## PER CURIAM

In 2003, petitioner Lewis J. White was found guilty of the rape of a child and sentenced to 240 months' imprisonment. The Arkansas Court of Appeals affirmed. *White v. State*, CR-03-1294 (Ark. App. Sept. 22, 2004) (unpublished) (original docket no. CACR 03-1294).

Petitioner has now filed a petition in this court requesting that jurisdiction be reinvested in the trial court so that he may proceed with a petition for writ of error coram nobis. A petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Hooper v. State*, 2014 Ark. 16 (per curiam).

A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Cromeans v. State*, 2013 Ark. 273 (per curiam). The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *McDaniels v. State*, 2012 Ark. 465 (per curiam). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-

party confession to the crime during the time between conviction and appeal. *Charland v. State*, 2013 Ark. 452 (per curiam); *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999) (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *McFerrin v. State*, 2012 Ark. 305 (per curiam); *Cloird v. State*, 2011 Ark. 303 (per curiam). The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Wright v. State*, 2014 Ark. 25 (per curiam); *Williams v. State*, 2011 Ark. 541 (per curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771; *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984) (citing *Troglin v. State*, 257 Ark. 644, 519 S.W.2d 740 (1975)).

As grounds for the writ, petitioner contends that there is new evidence that shows that he is actually innocent of the offense. The evidence consists of the victim's statements that she is recanting the testimony she gave against petitioner at trial and a letter that appellant learned about in 2009. The letter, which appellant contends would serve to corroborate the victim's recantation, was written by a man who reported that the victim told him she had lied about appellant's conduct and that the victim's mother had manipulated the man and threatened him to obtain his silence.

The grounds for relief advanced by petitioner do not warrant granting a writ of error coram nobis. A claim of recanted testimony, standing alone, is not cognizable in an error-coram-nobis proceeding. *Anderson v. State*, 2012 Ark. 270, 423 S.W.3d 20 (per curiam) (citing

*Jackson v. State*, 2010 Ark. 81 (per curiam)); *Smith v. State*, 200 Ark. 767, 140 S.W.2d 675 (1940) (holding that the writ was not available to afford relief on the ground that the principal witness against the accused had recanted and that others since the accused's conviction had confessed to the crime); *see also Taylor v. State*, 303 Ark. 586, 799 S.W.2d 519 (1990) (A witness's recantation of part of his trial testimony was not a ground for the writ as recantation of testimony did not fit within the remedy.).

Petitioner suggests in his petition that, even if this court finds no ground to grant the petition, the mandate issued on direct appeal should be recalled. This court has consistently held that it will only consider a petition to recall the mandate in those cases where the death penalty has been imposed. *Nooner v. State*, 2014 Ark. 296, ___ S.W.3d ___; *see also Maxwell v. State*, 2012 Ark. 251 (per curiam). Moreover, petitioner's assertion of recanted testimony does not demonstrate any extraordinary circumstances to warrant reopening the direct appeal of the judgment of conviction as outlined by this court in *Robbins v. State*, 353 Ark. 556, 114 S.W.3d 217 (2003).

Petition denied.

*Lewis J. White*, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.