SLIP OPINION

Cite as 2015 Ark. 232

# SUPREME COURT OF ARKANSAS

No. CR-11-1282

| | |
|---|---|
| TROY JASON PATRICK RILEY<br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | **Opinion Delivered** May 21, 2015<br><br>PRO SE PETITION TO REINVEST JURISDICTION IN THE CIRCUIT COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [LOGAN COUNTY CIRCUIT COURT, SOUTHERN DISTRICT, NO. 42CR-10-15]<br><br>PETITION DENIED. |

**PER CURIAM**

In 2011, petitioner Troy Jason Patrick Riley was found guilty by a jury in the Logan County Circuit Court, Southern District, of rape and was sentenced to 300 months' imprisonment. We affirmed. *Riley v. State*, 2012 Ark. 462.

Now before us is Riley's pro se petition to reinvest jurisdiction in the circuit court to consider a petition for writ of error coram nobis.[1] A petition for leave to proceed in the circuit court is necessary because the circuit court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Cromeans v. State*, 2013 Ark. 273 (per curiam). This court will grant such permission only when it appears the proposed attack on the judgment is meritorious. *Echols v. State*, 354 Ark. 414, 418, 125 S.W.3d 153, 156 (2003). In making such a determination, we look to the reasonableness of the allegations of the petition and to the existence of the probability of the truth thereof. *Id.*

---

[1] The petition is assigned the same docket number as the direct appeal from the judgment of conviction.

A writ of error coram nobis is an extraordinarily rare remedy more known for its denial than its approval. *Cromeans*, 2013 Ark. 273. The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Id.* The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *Id.* The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Id.* Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id.*

Riley claims that jurisdiction should be reinvested in the circuit court to consider an error-coram-nobis petition on the ground that the State coerced the victim to testify falsely at petitioner's trial and that the victim, in an attached affidavit, later recanted her testimony. As for the affidavit submitted by Riley, we have held that a writ of error coram nobis will not lie for recanted testimony. *Taylor v. State*, 303 Ark. 586, 799 S.W.2d 519 (1990); *Smith v. State*, 200 Ark. 767, 140 S.W.2d 675 (1940) ("[A] new trial may not be granted by employment of the writ merely because of the development after the trial of the utter unreliability of the state's witness so that grave doubts of guilt appear."). Even claims involving a victim's sworn statement recanting his or her testimony do not warrant issuance of the writ. *Thomas v. State*, 367 Ark. 478,

341 S.W.3d 247 (2006) (per curiam). Direct attacks on the judgement of conviction are properly made at trial and on the record on appeal. *See, e.g.*, *Dickerson v. State*, 2011 Ark. 247 (per curiam). The presentation of evidence that attacks the credibility of a witness at trial, like the recantation of testimony, constitutes a direct attack on the judgment. *See Malone v. State*, 294 Ark. 127, 741 S.W.2d 246 (1987).

Because Riley has not stated a claim cognizable in a coram-nobis proceeding, we decline to reinvest jurisdiction in the circuit court to consider a coram-nobis petition.[2]

Petition denied.

---

[2]Because it is clear from the petition that petitioner failed to state any ground for relief cognizable in a proceeding for coram-nobis relief, we need not consider whether petitioner proceeded with due diligence in making application for relief. *Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852.