SLIP OPINION

Cite as 2017 Ark. 26

# SUPREME COURT OF ARKANSAS.
### No. CR-01-1170

| | |
|---|---|
| PHILLIP D. WILLIAMS **PETITIONER** | **Opinion Delivered** February 9, 2017 |
| V. | PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS |
| STATE OF ARKANSAS **RESPONDENT** | [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-00-3339] |
| | PETITION DENIED. |

**PER CURIAM**

In 2000, Phillip D. Williams was charged with one count of capital-felony murder in the death of Eldrick Williams, two counts of aggravated robbery, and one count of misdemeanor theft of property. In 2001, a Pulaski County jury convicted Williams on all counts, and the trial court sentenced him as a habitual offender to life imprisonment without parole for capital murder and twenty-year terms of imprisonment on each of the aggravated robbery convictions. The sentence for misdemeanor theft of property merged with his felony-conviction sentences pursuant to Ark. Code Ann. § 5-4-404(c)(1) (Supp. 2001). We affirmed. *Williams v. State*, 351 Ark. 215, 91 S.W.3d 54 (2002)

Now before us is Williams's pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis in the case. The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant

permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Westerman v. State*, 2015 Ark. 69, at 4, 456 S.W.3d 374, 376; *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition had it been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts*, 2013 Ark. 56, 425 S.W.3d 771. The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. These categories, however, are not absolute and may be expanded when there is a showing of a procedural gap whereby a petitioner in a particular case would be denied due process of law if a coram-nobis proceeding were not allowed to fill the void. *See Strawhacker v. State*, 2016 Ark. 348; 500 S.W.3d 716; *see also Pitts v. State*, 2016 Ark. 345, 501 S.W.3d 803.

As grounds for the writ, Williams asserts he has obtained newly discovered evidence in the form of a sworn affidavit from Kareem Holloway, who testified against Williams at

trial, that gives an entirely different account of the events that resulted in Williams being charged with, and convicted of, the offenses. Williams has appended the affidavit to his coram-nobis petition.

It will suffice to say that it is well settled that a claim of recanted testimony, standing alone, is not cognizable in an error-coram nobis proceeding. *Stenhouse v. State*, 2016 Ark. 295, at 4 (per curiam); *see also White v. State*, 2014 Ark. 348, at 2, 438 S.W.3d 916, 918 (per curiam); *Smith v. State*, 200 Ark. 767, 140 S.W.2d 675 (1940) (holding that the writ was not available to afford relief on the ground that the principal witness against the accused had recanted and that others since the accused's conviction had confessed to the crime). This is so because a writ of error coram nobis may not be used to contradict any fact already adjudicated. *Smith*, 200 Ark. 767, 768, 140 S.W.2d 675, 676. Even claims involving a victim's sworn statement recanting his or her testimony do not warrant issuance of the writ. *Riley v. State*, 2015 Ark. 232, at 2–3 (per curiam); *Thomas v. State*, 367 Ark. 478, 341 S.W.3d 247 (2006) (per curiam). The presentation of evidence in a coram nobis petition that attacks the credibility of a witness at trial, such as recantation of testimony, constitutes a direct attack on the judgment. *See Riley*, 2015 Ark. 232, at 3; *see also Malone v. State*, 294 Ark. 127, 741 S.W.2d 246 (1987) (per curiam) (The affidavit of a witness recanting his or her trial testimony is a direct challenge to the judgment of conviction.). Direct attacks on the judgment of conviction are properly made at trial and on the record on appeal. *See, e.g.*, *Dickerson v. State*, 2011 Ark. 247 (per curiam).

As for Williams's assertion that Holloway's affidavit is newly discovered evidence, the affidavit is, as stated, a direct recantation of trial testimony. As such, it is not a ground

SLIP OPINION

for the writ regardless of how it is labeled by the petitioner. Williams's coram nobis petition is a statement of his version of the events that led to the death of Eldrick Williams, coupled with Holloway's affidavit that supports, to some extent, Phillip Williams's version of the events. In short, the petition is a claim that the evidence adduced at trial was not accurate. Claims that challenge the evidence adduced at trial are not within the purview of a coram nobis proceeding. The sufficiency of the evidence is a matter to be settled at trial and on the record on direct appeal. *Washington v. State*, 2014 Ark. 370, at 5, 439 S.W.3d 686, 689 (per curiam).

Petition denied.