

# SUPREME COURT OF ARKANSAS

**No.** CR–16–703

| | |
|---|---|
| DANIEL STOVER | **Opinion Delivered:** March 2, 2017 |
| APPELLANT | |
| | APPEAL FROM THE POLK COUNTY CIRCUIT COURT [NO. 57CR-16-11] |
| V. | |
| STATE OF ARKANSAS | HONORABLE JERRY RYAN, JUDGE |
| APPELLEE | |
| | AFFIRMED. |

**COURTNEY HUDSON GOODSON, Associate Justice**

Appellant Daniel Stover appeals his convictions in the Pope County Circuit Court for sexually grooming a child, two counts of sexual assault in the first degree, sexual assault in the second degree, and rape. Stover was sentenced as an habitual offender and received life sentences for each of his first-degree sexual assault convictions, a sentence of life without parole for his rape conviction, and a total of twenty-six years' imprisonment for his remaining convictions, with all sentences to be served consecutively. On appeal, Stover argues that the circuit court violated his due-process rights by allowing an ex post facto application of the habitual-offender ranges with regard to his life sentences for rape and for the two counts of first-degree sexual assault. We affirm.

On January 19, 2016, Stover was charged with sexually grooming a child thirteen years of age or younger on or before January 1, 2015, in violation of Arkansas Code Annotated section 5-27-307 (Repl. 2013); second-degree sexual assault of a minor on or

before January 1, 2015, in violation of Arkansas Code Annotated section 5-14-125; two counts of first-degree sexual assault of a minor on or between January 2, 2015, and June 8, 2015, in violation of Arkansas Code Annotated section 5-14-124; and rape of a minor under fourteen years of age on or before January 1, 2015, in violation of Arkansas Code Annotated section 5-14-103. In addition, the State sought enhanced penalties on the first-degree sexual assault charges under Arkansas Code Annotated section 5-4-501(c)(1) (Supp. 2015) and on the rape charge under section 5-4-501(c)(3), based on Stover's previous conviction for first-degree sexual assault.

The charges against Stover were based on the allegations of his minor stepson, H.C., that Stover had shown H.C. pornography and had engaged in sexual contact and deviate sexual activity with H.C. when he was between eight and fifteen years of age. A detailed recitation of the facts and evidence supporting the charges is unnecessary because Stover does not challenge the sufficiency of the evidence on appeal.

The jury trial was held on April 14, 2016. Prior to trial, Stover objected to the enhanced sentencing ranges on the first-degree sexual-assault and rape charges. He argued that the alleged sexual misconduct giving rise to the charges in this case occurred prior to his September 16, 2015 conviction for first-degree sexual assault, an offense to which he had pled guilty on June 8, 2015, and which involved his ex-wife's niece. Stover asserted that it would violate his due-process rights to subject him to an increased range of punishment for conduct that occurred before the September 2015 conviction. The circuit court took the motion under advisement at that time.

Stover renewed his objection during his directed-verdict motions, which were denied by the circuit court. The jury convicted Stover of all of the charges against him, and prior to the sentencing hearing, Stover's counsel again raised the issue of the enhanced sentences, stating:

> Your Honor, now that Mr. Stover has been convicted, I would renew the motion to object to the extended term of imprisonment based on prior convictions. I think in this case Mr. Stover- everyone agrees that the incidents that took place in this case took place before June 8, 2015, when he entered a plea to sexual assault in the first degree. I think that it would violate due process that he be subject to an enhanced term of imprisonment, specifically on the rape allegation and the sexual assault first degree allegations based on incidents that took place before he was convicted of any offense.
>
> . . . .
>
> So, I just don't think that under the facts in this case that it would meet the due process requirements of notice No. 1 and 2, the fundamentals of fairness to Mr. Stover to be subjected to an extended term of imprisonment for incidents that took place before a prior conviction.

The circuit court denied Stover's objection, noting that the habitual-offender statute makes no such distinction based on a timeline of the conduct underlying the offenses. Stover then clarified that his objection was based on the due-process clauses of both the Arkansas and the United States Constitutions, and "specifically notice and fairness as to the timing of these incidents." The circuit court ruled that there was no violation of Stover's procedural or substantive due-process rights under the circumstances in this case.

Stover was sentenced by the jury to six years in the Arkansas Department of Correction for sexually grooming a child, twenty years for second-degree sexual assault, an enhanced sentence of two terms of life for the two counts of first-degree sexual assault, and an enhanced sentence of life without parole for the rape charge. Based on the jury's recommendation, the circuit court ordered the sentences to be served consecutively. The

SLIP OPINION



sentencing order was entered on April 15, 2016, and Stover filed a timely notice of appeal to this court.

In his sole point on appeal, Stover argues that the circuit court erred by allowing the State to request enhanced punishment based on conduct that occurred prior to the conviction that was used for enhancement purposes. Specifically, he contends that his due-process rights were violated by allowing an "ex post facto application of the enhancement," resulting in a punishment that he had no notice of at the time the offenses in this case were committed. In support of his argument, Stover cites to article 1, § 10 of the United States Constitution and article 2, § 17 of the Arkansas Constitution, both of which prohibit the passage of an ex post facto law. He also cites to cases that discuss ex post facto violations.

The State asserts that Stover's ex post facto argument is being raised for the first time on appeal and that it is therefore not preserved for our review. We agree. Stover argued at trial that the State's use of the sentence-enhancement provisions violated his due-process rights, and he specifically requested a ruling based on the due-process clauses found in our state and federal constitutions. At no time did Stover assert to the circuit court that the application of these provisions violated the ex post facto clause of either constitution, as he now does on appeal. As the State explains, the passage of an ex post facto law is a separate concept from a circuit court's application of a law without sufficient notice for due-process purposes. *See Rogers v. Tennessee*, 532 U.S. 451 (2001) (stating that the federal constitution's due-process clause does not incorporate the specific prohibitions of the ex post facto clause, which refers only to legislative acts and does not apply to judicial actions).

An appellant may not change the grounds for his argument on appeal and is instead limited to the scope and nature of the objections presented at trial. *Kinsey v. State*, 2016 Ark. 393, 503 S.W.3d 772; *Hampton v. State*, 2014 Ark. 303, 437 S.W.3d 689. We have held that even a constitutional argument must be raised to the circuit court and ruled upon in order to preserve the issue for appellate review. *Gooch v. State*, 2015 Ark. 227, 463 S.W.3d 296. Thus, we do not address the merits of Stover's argument on appeal.

*Rule 4-3(i) Review*

Because Stover received a life sentence, the record has been examined for all objections, motions, and requests made by either party that were decided adversely to Stover in compliance with Arkansas Supreme Court Rule 4–3(i), and no prejudicial error has been found.

Affirmed.

*Shane Ethridge*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.