

# SUPREME COURT OF ARKANSAS

No. CR–16–1075

| | | |
|---|---|---|
| OLAJUWON SMITH | | **Opinion Delivered** August 3, 2017 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE |
| V. | | BENTON COUNTY CIRCUIT |
| | | COURT [NO. 04CR-08-1239] |
| STATE OF ARKANSAS | | |
| | | HONORABLE BRAD KARREN, |
| | APPELLEE | JUDGE |
| | | |
| | | <u>AFFIRMED</u>. |

**ROBIN F. WYNNE, Associate Justice**

In November 2013, judgment was entered reflecting that appellant Olajuwon Smith had entered a plea of guilty to multiple felony offenses.[1] He was sentenced to an aggregate term of 480 months' imprisonment. Imposition of an additional 120 months' imprisonment was suspended. On January 21, 2014, Smith filed in the trial court a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013) that was dismissed. On January 31, 2014, he filed a second petition under the Rule that was denied on February 14, 2014. Smith appealed to this court from the February 14, 2014 order, and we affirmed. *Smith v. State*, 2015 Ark. 23, 454 S.W.3d 219 (per curiam).

On February 27, 2015, Smith filed in the trial court a pro se petition for writ of error coram nobis. It does not appear that the February 27, 2015 coram nobis petition was acted

---

[1]After a jury trial on the charges was in progress, Smith opted to waive trial by jury, and he entered a negotiated plea of guilty to two counts of delivery of cocaine, delivery of marijuana, possession of cocaine with intent to deliver, possession of drug paraphernalia, two counts of simultaneous possession of drugs and a firearm, and robbery.

on by the court, but on January 6, 2016, he filed a second such petition in which he repeated the claims for the writ that were raised in the first petition. The second petition was denied on October 21, 2016, and Smith brings this appeal.

The standard of review of an order entered by the trial court on a petition for writ of error coram nobis is whether the trial court abused its discretion in granting or denying the writ. *Newman v. State*, 2014 Ark. 7. An abuse of discretion occurs when the court acts arbitrarily or groundlessly. *Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852. The trial court's findings of fact, on which it bases its decision to grant or deny the petition for writ of error coram nobis, will not be reversed on appeal unless they are clearly erroneous or clearly against the preponderance of the evidence. *Newman*, 2014 Ark. 7. There is no abuse of discretion in the denial of error coram nobis relief when the claims in the petition were groundless. *Nelson*, 2014 Ark. 91, 431 S.W.3d 852.

A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available to address certain errors that are found in one of four categories: (1) insanity at the time of

trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. Error coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Nelson*, 2014 Ark. 91, at 3, 431 S.W.3d 852, 854.

Smith raised the following grounds for issuance of the writ: his guilty plea was obtained by coercion and intimidation; and the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963). A *Brady* violation is established when material evidence favorable to the defense is wrongfully withheld by the State. *Scott v. State*, 2017 Ark. 199.

We first note that Smith's brief in this appeal contains claims for relief that were not included in his coram nobis petition and has added substantiation to bolster the claims that were raised below. We do not address new arguments raised for the first time on appeal or consider factual substantiation added to bolster the allegations made below. *See Stover v. State*, 2017 Ark. 66, 511 S.W.3d 333. When reviewing the trial court's ruling on a coram nobis petition on appeal, the appellant is limited to the scope and nature of the arguments that he or she made below that were considered by the trial court in rendering its ruling. *See id*. For that reason, we limit our consideration in this appeal to those claims, and any factual support for those claims, that were contained in the petition filed by Smith in the trial court on January 6, 2016.

With respect to Smith's allegation that he was coerced into entering his plea of guilty, to prevail on a claim that a writ of error coram nobis is warranted because a plea was coerced, the petitioner bears the burden of establishing that the plea was the result of fear, duress, or

SLIP OPINION

threats of mob violence as previously recognized by this court as grounds for a finding of coercion. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. Smith based his claim of coercion on the fact that he was informed at a pretrial hearing that he would be required to wear a "kidney belt" under his clothing at trial and that the kidney belt could deliver a substantial electric shock if activated.[2]

Contained in the record in this appeal is the transcript of a pretrial hearing in which the court directed that Smith be permitted to change into civilian clothes before being transported to the courthouse for trial, that he was not to be shackled, and that he wear the kidney belt under his clothing because he had a history of violence and the guards transporting him should be protected. Smith argued in his coram nobis petition that the court's graphic description to him of the effects of being shocked intimidated him and frightened him into entering a plea of guilty. He further alleged in his petition, as he does in this appeal, that the trial court specifically threatened to activate the kidney belt if Smith raised certain issues at trial.

The trial court did not err in finding that Smith had not demonstrated that a writ of error coram nobis should be issued. Smith's allegations that his plea was coerced did not rise to the level of coercion to warrant issuance of the writ, which we have held is a compulsion of a free agent by physical, moral, or economic force or threat of physical force. *See White v. State*, 2015 Ark. 151, at 5, 460 S.W.3d 285, 288. Smith presented no facts to

---

[2]In his second Rule 37.1 petition, Smith also alleged that his plea was coerced, but in that petition he alleged that the coercion arose from his attorney's advice that a plea of guilty was his best option in the circumstances.

establish that he had been threatened that the belt would be activated if he chose to go to trial and raise a particular issue or issues. The court clearly explained that the belt was to curb any violent outburst by Smith on the way to trial or at trial.

Smith concedes in his brief that the transcript of the hearing does not bear out his claim that the court threatened to have him shocked if he brought up certain issues at trial. He contends, however, that the transcript is not a "true and accurate" transcript of the hearing. Smith offers no support for the claim, and we are not required to accept the allegations in a coram nobis proceeding at face value. *Thacker v. State*, 2016 Ark. 350, 500 S.W.3d 736. The application for coram nobis relief must make a full disclosure of specific facts relied on as the basis for the writ. *See Larimore v. State*, 327 Ark. 271, 938 S.W.2d 818 (1997).

Moreover, there was no fact in Smith's petition concerning his being required to wear the kidney belt if he went to trial that he could not have brought out at the time the plea was entered to demonstrate that he was coerced into pleading guilty. Smith failed to show that there existed some fact to demonstrate coercion at the time of the guilty plea that would have prevented rendition of the judgment had it been known to the trial court and that, through no negligence or fault of his, was not brought forward before rendition of judgment. *Westerman v. State*, 2015 Ark. 69, 456 S.W.3d 374.

As to those portions of Smith's petition that appeared to attack his plea of guilty on the basis that it was not voluntarily entered, any claim that a guilty plea was not entered intelligently and voluntarily should have been brought pursuant to Rule 37.1, not in a petition for writ of error coram nobis. *E.g.*, *Nelson*, 2014 Ark. 91, at 5–6, 431 S.W.3d at

856 ("[W]e have been clear that error coram nobis proceedings are not a substitute for proceeding under Rule 37.1 to challenge the validity of a guilty plea, nor are the two proceedings interchangeable."); *see also White*, 2015 Ark. 151, at 4, 460 S.W.3d at 288.

Smith also argued in his petition that the evidence against him was not substantial and that not all the information concerning the charges against him was taken into consideration. The claim was not a ground for the writ. By entering a plea of guilty, Smith waived any claim that he was not guilty of the charges. *Beverage v. State*, 2015 Ark. 112, at 7, 458 S.W.3d 243, 248. To the extent that Smith's allegations concerning the evidence could have been considered as a claim that the evidence that could have been adduced at trial would not have been sufficient to sustain a judgment of conviction, challenges to the sufficiency of the evidence are not cognizable in coram nobis proceedings. *Jackson v. State*, 2017 Ark. 195.

In related claims that concern the evidence that Smith alleged in his petition to have been insufficient to sustain a judgment of conviction in his case, Smith also argued that the State violated *Brady* by withholding documents that showed the evidence was not subjected to an adequate chain of custody and that the evidence had been tampered with. He contended that if the State had revealed the flaws related to the evidence, his attorney would not have agreed to a stipulation stating that the chain of custody had been preserved.

The United States Supreme Court held in *Brady* that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. In *Strickler v. Greene*, 527 U.S. 263 (1999), the

Court revisited *Brady* and declared that evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). There are three elements of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Strickler*, 527 U.S. 263.

As support for his allegation of a *Brady* violation, Smith cited information from the pretrial record in his case to show that the evidence was flawed. Specifically, he stated that in pretrial proceedings the prosecutor stated that Smith was charged with possession with intent to deliver 74 grams of a controlled substance, but the actual weight was 79.1 grams, and a detective testified that the drugs were not in the bag that was seized on the night the drugs were confiscated. Smith asserted that the statements proved that the evidence was tampered with and the chain of custody was not maintained. Thus, in his petition, Smith conceded that the information he claimed was hidden by the State in violation of *Brady* was known to the defense at the time of trial.

We further take judicial notice that the record lodged in this court pertaining to the denial by the trial court of Smith's second petition for postconviction relief pursuant to Rule 37.1 reflects that the trial court ruled that the search warrant was valid. By pleading guilty, Smith waived any challenge to that ruling. When a defendant enters a plea of guilty, the guilty plea is his trial, and claims of trial error should have been raised at trial. *Crockett v. State*, 282 Ark. 582, 669 S.W.2d 896 (1984). Smith did not establish with facts that there

was any information concealed from the defense that was extrinsic to the record and could not have been known at the time of trial. Accordingly, Smith's claim of a *Brady* violation fell short of establishing that there was evidence withheld that meets the threshold requirements of a *Brady* violation that was both material and prejudicial such as to have prevented rendition of the judgment had it been known at the time of trial. As stated, it is the petitioner's burden to demonstrate that there is a reasonable probability that the judgment of conviction would not have been rendered, or would have been prevented, had the information been disclosed at trial. Smith did not meet that burden.

Affirmed.

*Olajuwon Smith*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.