

# SUPREME COURT OF ARKANSAS

No. CR–13-1006

| | |
|---|---|
| ROLANDIS LARENZO CHATMON<br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | **Opinion Delivered** August 3, 2017<br><br>PRO SE THIRD PETITION AND AMENDED PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR A WRIT OF ERROR CORAM NOBIS AND MOTION FOR LEAVE TO RESPOND TO RESPONDENT'S RESPONSE [FAULKNER COUNTY CIRCUIT COURT, NO. 23CR-12-571]<br><br>PETITION, AMENDED PETITION, AND MOTION DENIED. |

**JOHN DAN KEMP, Chief Justice**

Petitioner Rolandis Larenzo Chatmon brings this pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis in his criminal case. It is the third such petition filed here. He contends that the State at his trial violated the provisions of *Brady v. Maryland*, 373 U.S. 83 (1963), by presenting false testimony from witness Monette Solomon, who testified that Chatmon had confessed his guilt to him, and by concealing information that could have discredited Solomon in the eyes of the jury. He further contends that the State failed to provide information to the defense concerning Solomon's "criminal history, arrest records and rap sheet." As with the prior two petitions, Chatmon has not stated a ground for the writ. Accordingly, we deny the petition, an amendment to the petition that Chatmon subsequently filed, and his motion for leave to file a response to the State's response to the petition.

The petition is properly filed in this court. Chatmon's 2013 conviction for three counts of aggravated robbery and one count of theft of property was affirmed on appeal, *Chatmon v. State*, 2015 Ark. 28, 467 S.W.3d 731, and the trial court cannot entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal unless this court grants permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524; *Westerman v. State*, 2015 Ark. 69, 456 S.W.3d 374; *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id*. A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. We are not required to accept the allegations in a petition for writ of error coram nobis at face value. *Green*, 2016 Ark. 386, 502 S.W.3d 524.

The United States Supreme Court held in *Brady* that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. In *Strickler v. Greene*, 527 U.S. 263 (1999), the Court revisited *Brady* and declared that evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). There are three elements of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Strickler*, 527 U.S. 263; *see Howard*, 2012 Ark. 177, at 8, 403 S.W.3d at 44. Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Newman*, 2009 Ark. 539, at 13–14, 354 S.W.3d at 69. When determining whether a *Brady* violation has occurred, it must first be established by the petitioner that the material was available to the State prior to trial and the defense did not have it. *Cloird v. State*, 357 Ark. 446, 452, 182 S.W.3d 477, 480 (2004).

In his first coram nobis petition filed in this court in 2015, Chatmon also alleged that the State had relied on Solomon's perjured testimony to obtain his conviction. In that petition, he alleged that the State had withheld from the defense the transcript of an interview with Solomon that established that Solomon had given perjured testimony and that Solomon had been coached by the prosecution to give that false testimony. He

contended that Solomon was motivated at least in part by conflicts between him and Chatmon that had occurred when they were incarcerated at the same detention facility. In the instant petition, Chatmon again alleges that Solomon was prejudiced against him and asserts that Solomon had harassed and threatened him and others. He further claims that the State withheld information from the defense that Solomon had entered a plea of guilty in a federal court case in 2013 before Chatmon's trial and that Solomon was untruthful in his testimony about the reduction in his federal sentence that he gained by testifying against Chatmon. He also argues that the jury was entitled to know that Solomon was a fugitive from California who had absconded from that jurisdiction while on parole and that Solomon had a history of giving false information to authorities in return for favorable treatment.

When we denied Chatmon's first coram nobis petition, it was noted that the defense was aware of, and utilized on cross-examination, information concerning Chatmon's claim that he had altercations with Solomon. *Chatmon v. State*, 2015 Ark. 417, at 6–7, 473 S.W.3d 542, at 546 (per curiam). Chatmon's allegations in the instant petition are equally insufficient to establish that the prosecution withheld material evidence about those conflicts with which the defense could have further impeached Solomon and produced a different outcome to his trial. *See Thacker v. State*, 2016 Ark. 350, 500 S.W.3d 736 (noting that the petitioner must demonstrate that the outcome of the proceeding would have been different).

Thus, Chatmon has failed to demonstrate a reasonable probability that, had the defense presented the information to the jury at trial, the result of the proceeding would have been different. He has offered no proof that the State knowingly utilized false testimony or otherwise suborned perjury, and we have held that a petitioner's allegation

4

SLIP OPINION

that a witness gave false testimony at trial, in and of itself, does not give rise to a showing of fundamental error that requires issuance of the writ. *See generally Taylor v. State*, 303 Ark. 586, 799 S.W.2d 519 (1990) (A witness's recantation of part of his trial testimony was not a ground for the writ, as the recantation of the testimony did not fit within the remedy.); *Smith v. State*, 200 Ark. 767, 140 S.W.2d 675 (1940). The writ of error coram nobis does not lie to correct an issue of fact that has been adjudicated or for alleged false testimony at trial. *See Smith*, 200 Ark. 767, 140 S.W.2d 675 (noting that a claim after trial of the utter unreliability of a State's witness was not a ground for the writ); *see also Bass v. State*, 191 Ark. 860, 88 S.W.2d 74 (1935) (holding that an issue of fact, even if wrongly decided, is not error in that technical sense to which the writ refers).

To the extent that Chatmon's assertions concerning the allegedly false testimony could be considered claims that the evidence was insufficient to sustain the judgment, issues concerning the sufficiency of the evidence are issues to be settled at trial and on the record on direct appeal, not in a postconviction proceeding. *See Cotton v. State*, 293 Ark. 338, 738 S.W.2d 90 (1987).

We note that this third petition borders on constituting an abuse of the writ. We will not exercise our discretion to permit a successive application for the writ of error coram nobis if the petitioner is abusing the writ by alleging the same grounds without additional facts sufficient to provide grounds for the writ. A court has the discretion to determine whether the renewal of an application for a coram nobis petition will be permitted when a petitioner raises additional facts in support of the same claim for relief. *See United States v. Camacho-Bordes*, 94 F.3d 1168 (8th Cir. 1996) (res judicata did not apply to bar a second

petition for writ of error coram nobis, but abuse-of-writ doctrine was applied to subsume res judicata). Even though Chatmon altered his assertions concerning Solomon, his allegation was essentially the same—that Solomon had reason to testify falsely. Merely restating an allegation raised in a prior coram nobis petition does not automatically provide grounds for a successive petition for the writ.

Petition, amended petition, and motion denied.