JOHN DAN KEMP, Chief Justice
Following his conviction on charges of manslaughter, manufacture of a controlled substance (marijuana), abuse of a corpse, and tampering with physical evidence, which resulted from a negotiated plea of nolo contendere, appellant Morris Dean Davis filed a petition in the trial court seeking a writ of error coram nobis. Davis alleged in his petition that he was coerced into entering the plea because he was given misleading information about the manslaughter charge and that he was insane and not competent to enter the plea. After a hearing on the petition, the trial court denied coram nobis relief, finding that Davis's claims as developed in the hearing were largely ineffective-assistance-of-counsel claims, which as such were untimely; that Davis had presented no credible evidence of coercion or insanity at the time he entered his plea; and that he failed to demonstrate diligence in pursuing at least one of his claims. The trial court's findings are well supported by the record, and it did not abuse its discretion by declining to issue the writ. Accordingly, we affirm.
Davis was initially charged with first-degree murder rather than manslaughter, and the list of original charges included an additional allegation of a sentencing enhancement for the use of a firearm that was not pursued under the negotiated plea. As set out in the charging information, the State alleged that Davis had fatally shot his girlfriend, Lisa Davis, in the face with a rifle. The court ordered a mental-health evaluation of Davis, and the report, which was filed about two years before Davis entered his plea, found that Davis was capable of understanding the proceedings and assisting counsel, that he did not present with evidence of a mental disease or defect, and that he could both appreciate the criminality of his actions *368 and conform his behavior to the requirements of the law.
The trial court conducted two plea hearings, declining to accept Davis's no-contest plea to the charges at the first hearing. The court accepted the plea during the second hearing. During both hearings, Davis's account of what had happened was consistent with his version of events as described in the mental-health report. Davis maintained that Lisa had committed suicide, shooting herself with the rifle, but that he had not called the police or disclosed her death at the time and had only told the police about the suicide-initially denying her death and saying that Lisa had left him-when a friend he had confided in six weeks after her death went to the police. He admitted that he had left the rifle where Lisa had found it, knowing that she had attempted suicide in the past; that he had cleaned up the scene and buried Lisa a few days after her death, naked and face down in a shallow grave in the barn; and that he had covered the grave with concrete and a stack of lumber. The State contended during the plea hearing that it could prove, at a minimum, that Davis had caused Lisa to commit suicide or recklessly caused her death. Davis affirmed during the final plea hearing that no one had threatened or coerced him into changing his plea.
After Davis filed his coram nobis petition, the trial court held a hearing and heard testimony from Davis, a witness who knew the couple and had seen Lisa drunk on a number of occasions, and Davis's trial attorney. Davis indicated in his testimony that his issues with the plea were limited to the manslaughter charge, that he should have been provided a "post-trial hearing" concerning whether he was coerced or rational enough to enter the plea, that he was convicted under a different subsection of the manslaughter statute than what he believed he had agreed to, that his attorney had used a cell phone to show Davis a copy of the statute that contained a subsection that did not exist in the applicable manslaughter statute, and that he had not been diagnosed with any behavioral disorder. Trial counsel testified that he had hired a forensics expert to assist in the case; that, after consultation with that expert, he concluded that Davis's actions in destroying some evidence, cleaning up the crime scene, burying the body, and placing an ad for a woman companion after Lisa's disappearance, would have made it extremely difficult to defend a murder charge; that the earlier parole eligibility for manslaughter made the plea offer more attractive than a conviction on a murder charge, considering Davis's age; that Davis had been adamant that he would not enter a plea or admit guilt to murder because of some pending civil matters concerning his property; that Davis did not show signs of emotional distress at the time of the plea hearings that would have merited another evaluation of his mental health; and that his recollection of showing Davis the manslaughter statute on his phone included providing an explanation of the section listed on the judgment and that the statute was the correct one and did not include the section that Davis insisted had been shown to him.
Davis correctly pursued the writ in the trial court. When the judgment or conviction was entered on a plea of guilty or nolo contendere, the petition for writ of error coram nobis is filed directly with the circuit court. Thacker v. State , 2016 Ark. 350, 500 S.W.3d 736. The standard of review of an order entered by the trial court on a petition for writ of error coram nobis is whether the trial court abused its discretion in granting or denying the writ. Smith v. State , 2017 Ark. 236, 523 S.W.3d 354. An abuse of discretion occurs when the court *369 acts arbitrarily or groundlessly. Id. The trial court's findings of fact, on which it bases its decision to grant or deny the petition for writ of error coram nobis, will not be reversed on appeal unless they are clearly erroneous or clearly against the preponderance of the evidence. Id. There is no abuse of discretion in the denial of error coram nobis relief when the claims in the petition are groundless. Id.
The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. Faulkens v. State , 2017 Ark. 291, 2017 WL 4837338. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. McCullough v. State , 2017 Ark. 292, 528 S.W.3d 833. A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. Id.
Davis raises some issues in his brief that were not before the trial court. When reviewing the trial court's ruling on a coram nobis petition on appeal, the appellant is limited to the scope and nature of the arguments that he or she made below that were considered by the trial court in rendering its ruling, and we therefore limit our consideration on appeal to those claims that were contained in the petition filed in the trial court and any factual support for those claims contained in the petition. Smith , 2017 Ark. 236, 523 S.W.3d 354. Here, we limit our review to Davis's claims that he was coerced into entering the plea because he was given misleading information about the manslaughter charge and that he was not competent to enter the plea.[1]
To prevail on a claim that a writ of error coram nobis is warranted because a plea was coerced, the petitioner bears the burden of establishing that the plea was the result of fear, duress, or threats of mob violence as previously recognized by this court as grounds for a finding of coercion. Id. Davis based his claim of coercion on the allegation that his attorney provided him incorrect information about the manslaughter statute. Claims of ineffective assistance of counsel, as this claim is, do not support issuance of the writ. Green v. State , 2016 Ark. 386, 502 S.W.3d 524. A claim that a petitioner's decision to plead guilty was occasioned by an erroneous interpretation of law by his trial counsel is not one cognizable in proceedings for the writ. Pelletier v. State , 2015 Ark. 432, 474 S.W.3d 500. As the trial court concluded, none of the evidence at the hearing supported grounds for a finding *370 of coercion to support issuance of the writ. It is therefore unnecessary to examine whether, as the trial court found, Davis failed to pursue this claim with diligence.[2]
The trial court also correctly determined that it could not elect to treat the petition as one under Arkansas Rule of Criminal Procedure 37.1 (2017). To do so, the petition must comply with the requirements and restrictions on filing a Rule 37 petition.[3] See Green , 2016 Ark. 386, 502 S.W.3d 524. Because the petition did not meet those requirements, the trial court correctly determined that the petition was not one it could consider under Rule 37.
As for Davis's claim that he was insane, the matter of competency was one that had been submitted to the trial court and considered by it. Davis therefore failed to demonstrate that there existed some fact that would have prevented rendition of the judgment had it been known to the trial court. Westerman v. State , 2015 Ark. 69, 456 S.W.3d 374. Davis alleged that the length of his incarceration after the evaluation may have been a factor to consider, but he did not provide evidence to document a change in his mental status unknown to the court. He did not identify any behavior indicating a change in his mental status occurring after the court's decision on competency, and his attorney testified that Davis did not show signs of emotional distress at the time of the plea hearings.
Davis has not shown an abuse of the trial court's discretion in declining to issue the writ. Accordingly, we affirm the denial of relief.
Affirmed.

We note that the judgment lists Arkansas Code Annotated section 5-10-104(a)(1)(A) (Repl. 2013) as the applicable statute, which is not consistent with the factual recitation at the plea hearing. The State contended in that hearing that it could "at least" prove facts consistent with section 5-10-104(a)(2) or section 5-10-104(a)(3). This court may raise an issue of an illegal sentence sua sponte, and it is obligated to correct an apparent illegal sentence on review on appeal. Smith v. Kelley , 2016 Ark. 307, 2016 WL 4919890. Because the sentencing range under section 5-10-104(c) did not vary depending on the subsection charged, there is no issue concerning an illegal sentence. Clerical errors such as this one do not prevent enforcement of a judgment, and a circuit court can enter an order nunc pro tunc at any time to correct clerical errors in a judgment or order. Vance v. State , 2011 Ark. 243, 383 S.W.3d 325.

Although there is no specific time limit for seeking a writ of error coram nobis, due diligence is required in making an application for relief. Scott v. State , 2017 Ark. 199, 520 S.W.3d 262.

The judgment was entered in January 2013. Under the applicable version of Rule 37.2, a petition for relief under Rule 37.1 must have been filed within ninety days of the date of entry of the judgment when the conviction was obtained on a plea of guilty. Ark. R. Crim. P. 37.2(c)(i) (2014). Davis's petition for relief was filed in February 2016.