ROBIN F. WYNNE, Associate Justice
Appellant Dra'Kease D. Hall appeals from the denial by the trial court of a pro se petition for a writ of error coram nobis. In January 2012, Hall pled guilty to first-degree murder and criminal attempt to commit first-degree murder and was sentenced to an aggregate term of 600 months' imprisonment.
In his petition for coram nobis relief filed in the trial court, Hall alleged that the prosecutor and an investigator had coerced two witnesses to implicate Hall in the crimes. Hall attached to his pro se petition affidavits executed by Terrance Lang and Jasper Goodwin in support of his allegation. In their affidavits, both Lang and Goodwin recanted what their testimony would have been if Hall had gone to trial and stated that they had been coerced into implicating Hall with threats of being subjected to the death penalty. Furthermore, both Lang and Goodwin now exonerate Hall in the crimes for which he has been convicted.
In this appeal, Hall raises the same claim of witness coercion raised below, but he adds the following allegations: (1) that the prosecutor violated Brady v. Maryland , 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to disclose a plea deal offered to Lang in exchange for Lang's testimony; (2) that his guilty plea was founded on lies and deception resulting from counsel's failure to conduct a reasonable investigation by interviewing Lang and Goodwin; (3) that counsel coerced Hall into pleading guilty by informing him that Lang and Goodwin would testify on behalf of the State in exchange for leniency. For the reasons set forth below, we affirm the trial court's order denying Hall's petition.
The standard of review of an order entered by the trial court on a petition for writ of error coram nobis is whether the trial court abused its discretion in granting or denying the writ. Smith v. State , 2017 Ark. 236, 523 S.W.3d 354, reh'g denied (Sept. 14, 2017). An abuse of discretion occurs when the court acts arbitrarily or groundlessly. Nelson v. State , 2014 Ark. 91, 431 S.W.3d 852. The trial court's findings of fact on which it bases its decision to grant or deny the petition for writ of error coram nobis will not be reversed on appeal unless they are clearly erroneous or clearly against the preponderance of the evidence. Smith , 2017 Ark. 236, 523 S.W.3d 354. There is no abuse of discretion in the denial of error coram nobis relief when the claims in the petition were groundless. Id. (citing Nelson , 2014 Ark. 91, 431 S.W.3d 852 ).
We first note that Hall has raised allegations on appeal that were not presented to the trial court in his coram nobis petition. This court does not address new arguments raised for the first time on appeal; nor do we consider factual substantiation added to bolster the allegations made below. Id. (citing Stover v. State , 2017 Ark. 66, 511 S.W.3d 333 ). When reviewing the trial court's ruling on a coram nobis petition on appeal, the appellant is limited to the scope and nature of the arguments that he or she made below that *870 were considered by the trial court in rendering its ruling. Id.
A writ of error coram nobis is an extraordinarily rare remedy. Id. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition had it been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. Id. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. Id. The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. Id. A writ of error coram nobis is available to address certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. Id. Error coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. Id.
Hall's allegations that Lang and Goodwin were coerced into providing statements implicating Hall in the commission of the crimes do not fit within the recognized categories for coram nobis relief and do not otherwise provide a basis for the issuance of this extraordinary writ. First, Hall does not allege that his guilty plea was the result of fear, duress, or threats of mob violence as previously recognized by this court as grounds for a finding of coercion sufficient to set aside a guilty plea. Green v. State , 2016 Ark. 386, 502 S.W.3d 524. Instead, Hall's petition and the attached affidavits appear to attack his guilty plea on the basis that it was not voluntarily and intelligently given but was the result of an erroneous belief that Lang and Goodwin had readily agreed to testify for the State. Any claim that a guilty plea was not entered intelligently and voluntarily should have been brought pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure (2017) and not in a petition for writ of error coram nobis. Smith , 2017 Ark. 236, 523 S.W.3d 354 ; see also Nelson , 2014 Ark. 91, 431 S.W.3d 852 (Error coram nobis proceedings are not a substitute for proceeding under Rule 37.1 to challenge the validity of a guilty plea, nor are the two proceedings interchangeable.).
Second, as stated above, to merit coram nobis relief, the petitioner must show a fundamental error of fact extrinsic to the record that would have prevented rendition of the judgment had it been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. Smith , 2017 Ark. 236, 523 S.W.3d 354. Here, Hall had attached two affidavits to the petition filed below that were executed by Lang and Goodwin alleging that they were coerced into implicating Hall and affirmatively stating that Hall took no part in the crimes. On appeal, Hall argues that his guilty plea was involuntary because counsel failed to interview these two witnesses to determine that their statements were the result of coercion and were therefore unreliable.[1] By Hall's own admission, the facts alleged in Lang's and Goodwin's affidavits could have been discovered before trial. To warrant coram nobis relief, the defendant must be unaware of the fact at the time of trial and could not have discovered the fact in the exercise of due diligence.
*871 See Echols v. State , 354 Ark. 414, 125 S.W.3d 153 (2003). Hall does not establish the existence of facts that could not have been discovered at the time of trial. See Munnerlyn v. State , 2018 Ark. 161, 545 S.W.3d 207.
Finally, it is well settled that a claim of recanted testimony, standing alone, is not cognizable in an error coram nobis proceeding. Smith v. State , 200 Ark. 767, 140 S.W.2d 675 (1940) (holding that the writ was not available to afford relief on the ground that the principal witness against the accused had recanted and that others since the accused's conviction had confessed to the crime). This is so because a writ of error coram nobis may not be used to contradict any fact already adjudicated. Id. Here, Hall is attempting to use the recanted statements of Lang and Goodwin to demonstrate that he is innocent of the crimes to which he pled guilty. By pleading guilty to the crimes, Hall waived any claim that he was not guilty of the charges. Smith , 2017 Ark. 236, 523 S.W.3d 354 (citing Beverage v. State , 2015 Ark. 112, 458 S.W.3d 243 ). Hall's guilt has been adjudicated, and Hall cannot now use affidavits to contradict his own admission of guilt. To the extent that Hall's allegations and the attached affidavits challenge the reliability of Lang and Goodwin's anticipated trial testimony as being insufficient to sustain a finding of Hall's guilt, such challenges to the sufficiency of the evidence are not cognizable in coram nobis proceedings. Jackson v. State , 2017 Ark. 195, 520 S.W.3d 242. In view of the above, the trial court did not abuse its discretion when it denied Hall's petition for a writ of error coram nobis.
Affirmed.
Hart, J., dissents.
I dissent; the circuit court should have held a hearing on Hall's petition for a writ of error coram nobis, as established by the affidavits attached to Hall's petition. Terrance Lang's affidavit provides that "[the prosecutor] advise [sic] me [Lang] if I didn't say that Dra'kease Hall and Jasper Goodwin was with me when the incident accord [sic] on July 11th, 2010, that they was going to kill me but if I say that Dra'kease Hall and Jasper Goodwin was with me [the prosecutor] will cut me a deal of a lesser plea." Similarly, Jasper Goodwin's affidavit provides as follows:
The statements I made on 9/06/2010 against Dra'kease Hall concerning the incident that took place on 7/11/2010 on Camp Robinson Rd. were false and untrue. I was coerced into making those statements against Dra'kease Hall by [the detective investigating the case], whom [sic] told me that if I didn't help him charge and convict Dra'kease Hall that [the detective] would charge me with these crimes and make sure that I be given the death penalty. I had nothing to do with these crimes and didn't want to end up in prison for crimes I didn't commit. So I did what [the detective] wanted and made false statements against Dra'kease Hall who is innocent of the crimes he is convicted of.
The circuit court's failure to hold a hearing on Hall's petition was reversible error.
The function of the writ of error coram nobis is to secure relief from a judgment rendered while there existed some fact extrinsic to the record that would have prevented its rendition had the fact been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment.
*872 Penn v. State , 282 Ark. 571, 573-74, 670 S.W.2d 426, 428 (1984). This court has traditionally held that a writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. Howard v. State , 2012 Ark. 177, 403 S.W.3d 38. These categories, however, are not absolute and may be expanded when there is a showing of a procedural gap whereby a petitioner in a particular case would be denied due process of law if a coram nobis proceeding were not allowed to fill the void. See Strawhacker v. State , 2016 Ark. 348, 500 S.W.3d 716 ; see also Williams v. State , 2017 Ark. 26, 510 S.W.3d 747. "In simple terms, this writ is a legal procedure to fill a gap in the legal system-to provide relief that was not available at trial because a fact exists which was not known at that time and relief is not available on appeal because it is not in the record." Penn , 282 Ark. at 573-74, 670 S.W.2d at 428.
Hall's allegations of witness intimidation and prosecutorial misconduct are exactly the sort of circumstances against which the writ of error coram nobis is designed to protect. If Hall's allegations are true, it is dubious to suggest that the circuit court would have accepted Hall's guilty plea under such circumstances (or that Hall would have entered that plea in the first place) had they been presented. The majority's intimations that Hall somehow should have known that the prosecution was surreptitiously engaging in these tactics (according to the allegations) is bizarre and untenable. Accordingly, I would remand for a hearing on Hall's claims to determine their veracity.

Hall's counsel had the right to discover the names of these two key witnesses for the purpose of interviewing them in preparation for trial. See N.D. v. State , 2011 Ark. 282, 383 S.W.3d 396.