SLIP OPINION

Cite as 2017 Ark. 291

# SUPREME COURT OF ARKANSAS
No. CR–00–698

| | |
|---|---|
| BRIAN LEONARD FAULKENS<br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | **Opinion Delivered** October 26, 2017<br><br>PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [CRITTENDEN COUNTY CIRCUIT COURT, NOS. 18CR-97-85, 18CR-97-86, 18CR-97-88]<br><br>PETITION DENIED. |

**RHONDA K. WOOD, Associate Justice**

Petitioner Brian Leonard Faulkens brings this petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. Faulkens alleges the following: the State violated his constitutional rights by amending the information three times; the State violated Arkansas Code Annotated section 16-95-101 (1987), the Interstate Agreement on Detainers; the State violated Arkansas Code Annotated section 16-701-706 (1987), which governs the process by which the defendant charged with a criminal offense is arraigned; and he was illegally arrested on a pretext. Because none of Faulkens's claims states a basis for the writ, the petition is denied.

The petition for leave to proceed in the trial court is necessary because the judgment in Faulkens's case was affirmed,[1] and the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.* The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771. A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

Faulkens's petition is based on allegations of error that occurred in the course of the criminal proceedings against him. Coram nobis proceedings do not provide an avenue to challenge rulings by the trial court. Such allegations, by their very nature, are outside the purview of a coram nobis proceeding because the facts at issue were known at the time of trial and could have been addressed at trial and on the record on direct appeal. *See Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. Faulkens has not established that the trial court

---

[1] *Faulkens v. State*, CACR–00–698 (Ark. App. Feb. 14, 2001) (unpublished).

lacked jurisdiction, that the judgment in his case was otherwise illegal, or that the claims are within the scope of one of the four categories recognized as a ground for relief in a coram nobis proceeding. The onus is on the petitioner to demonstrate a basis on which the writ should issue. *See Jackson v. State*, 2017 Ark. 195, 520 S.W.3d. 242. Faulkens has not met that burden.

Petition denied.