507

William Earl DAVIS *v*. STATE of Arkansas

CR 79-160                    592 S.W. 2d 118

Opinion delivered January 14, 1980
(In Banc)
[Rehearing denied February 4, 1980.]

508

*Ray & Donovan,* for appellant.

*Steve Clark,* Atty. Gen., by: *Joseph H. Purvis,* Deputy Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was charged with capital felony murder. Ark. Stat. Ann. § 41-1501 (a) (Repl. 1977). Following plea negotiations, he entered a plea of guilty to first degree murder (Ark. Stat. Ann. § 41-1502 [Repl. 1977]) and was sentenced to 25 years' imprisonment. Shortly thereafter, appellant petitioned for postconviction relief pursuant to Ark. Stat. Ann. Vol. 4A, Rules of Crim. Proc., Rule 37 (Repl. 1977). After an evidentiary hearing, the court denied the petition and hence this appeal by present appointed counsel.

We first consider appellant's contention that the court erred in finding that he had not been denied effective assistance of counsel. He primarily argues that his attorney should not have allowed him to plead guilty to a lesser offense because there was insufficient evidence to convict him of capital murder, the crime with which he was charged in the information. The decision of counsel to approve a plea of guilty to a lesser offense is a judgment question. *Carney* v. *State,* 250 Ark. 205, 464 S.W. 2d 612 (1971). Appellant must prove by a preponderance of the evidence that his attorney has by his acts or omissions made the proceedings "a farce and a mockery of justice," or that appellant's representation by counsel was "so patently lacking in competence or adequacy" that it is the court's duty to correct it. *Sheppard* v. *State,* 255 Ark. 40, 498 S.W. 2d 668 (1973). The burden was on the appellant to overcome the presumption that his attorney was competent. *Clark* v. *State,* 255 Ark. 13, 498 S.W. 2d 657 (1973).

Appellant never accuses his attorney of forcing him to waive his right to a jury trial, or of even advising him to plead guilty. He admits that his attorney did an "admirable job"

during pretrial proceedings. Appellant's then appointed attorney testified at length at the Rule 37 hearing. During his investigation of the case, he made in excess of 20 trips between West Helena and Marianna to discuss the case with the appellant and other persons acquainted with the case. He estimated that he had spent between 150 and 400 hours in the preparation of the case. He filed numerous motions, including a motion for change of venue, motion to quash petit jury panel, motion for continuance, motion for bill of particulars and discovery, and a petition for appellant's commitment to the State Hospital for psychiatric examination. He also discussed the case with attorneys for the codefendants in the murder charge. They indicated that their clients would testify against the appellant if the case went to trial. The court had granted the state's motion to compel attendance of two out-of-state witnesses whose testimony would link the appellant to the murder weapon. The attorney also testified that he was satisfied that there was a factual basis for the appellant's guilty plea; that he read and explained the plea statement to the appellant; and that in his opinion the appellant was well aware of what was happening. He stated that on the day the plea was entered he told the appellant that he did not have to accept the negotiated agreement and that he could secure a new attorney and a jury trial if he so desired. We hold that the trial court was correct in finding the appellant was not denied effective assistance of counsel.

Appellant also contends that the court erred in accepting his guilty plea without establishing that the plea had a basis in fact as required by Rules of Crim. Proc., rule 24.6. The factual basis of a guilty plea, if not sufficiently determined during the plea proceedings, may be established at the Rule 37 post conviction hearing. *Deason* v. *State,* 263 Ark. 56, 562 S.W. 2d 79 (1978). Here the court found there was a sufficient factual basis for appellant's plea.

Written statements by the appellant and his codefendants were introduced into evidence at the hearing. In his statement, appellant admitted that he was at the victim's house on the night of the murder and that he intended to rob the victim. The codefendants, in their statements, placed the appellant at the scene of the murder; stated that the appellant

showed them money with "blood on it"; and that appellant told them that he shot the victim. Although the codefendants testified that their previous statements were false and had been coerced, the state offered evidence to the contrary. We agree there was a factual basis for the guilty plea.

Appellant also contends that the court erred in not permitting him to introduce evidence, or proffer proof, of threats, promises of leniency and "bond denial" which caused him to enter his guilty plea. Also that the unsanitary living conditions of the local jail and the denial of medication to him made his confession and plea involuntary. The thrust of his argument is that he agreed to confess to a crime he did not commit solely to escape from the miserable living conditions at the local jail. Even if we consider the issues sufficiently alleged or raised at the evidentiary hearing, appellant's signed plea statement and evidence presented demonstrates that the plea was voluntary. When the plea was entered, appellant was represented by competent counsel. Upon inquiry by the court, appellant stated that he was entering the plea freely and voluntarily and on the advice of counsel, and it was not the result of threats and violence. He was fully informed as to the facts surrounding the charges and the possible sentence upon conviction of felony murder. Also he was satisfied with the services rendered by his attorney and that he had no complaints about his representation. The court instructed appellant that it was not bound by the prosecutor's recommendations. The record reflects that appellant was given every opportunity to raise any possible defense he had to the charges. Having failed to do so, he is now precluded from collaterally attacking his sentence. *Robertson* v. *State,* 252 Ark. 333, 478 S.W. 2d 878 (1972); and *Horn* v. *State,* 254 Ark. 651, 495 S.W. 2d 152 (1972).

Appellant's argument that the court intended that he be required to serve 1/3 of his 25 year sentence, less any credit for good time served, is an issue raised for the first time on appeal. Therefore, we do not consider it. *Davis* v. *State,* 253 Ark. 484, 486 S.W. 2d 904 (1972).

After a full review of the record, we hold there was no violation of appellant's constitutional rights.

Affirmed.

Stroud & Mays JJ, not participating.