Cite as 2020 Ark. 311

# SUPREME COURT OF ARKANSAS

No. CR-19-64

| | | |
|---|---|---|
| STEVEN C. HAYES | | **Opinion Delivered:** October 8, 2020 |
| | APPELLANT | PRO SE APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-14-333] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE GRISHAM A. PHILLIPS, JUDGE |
| | APPELLEE | AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

Steven C. Hayes appeals the trial court's denial of his three pro se petitions for a writ of error coram nobis. On appeal, Hayes alleges that the court erred by not granting relief because (1) he was insane when he pleaded guilty, (2) his guilty plea was coerced, and (3) the State withheld exculpatory evidence. We hold the circuit court did not abuse its discretion and affirm.

## I. *History*

In 2014, Hayes negotiated a guilty plea to four counts of first-degree sexual assault in exchange for the State declining to prosecute the remaining seven counts of rape and three counts of terroristic threatening. The trial court imposed a sentence of 336 months' imprisonment. In 2017, Hayes filed two separate petitions for error coram nobis relief. The trial court denied the petitions by letter but did not effectuate an order. Hayes filed a third

petition for relief in 2018. The trial court denied all three petitions. It explained that Hayes's pleadings did not surpass the evidence that he had confessed to Investigator Parsons and had admitted guilt in open court at the time of his plea.

## II. *Standard of Review*

The standard of review for an order denying a petition for writ of error coram nobis is abuse of discretion. *Pitts v. State*, 2020 Ark. 7, 591 S.W.3d 786. An abuse of discretion occurs when the trial court acts arbitrarily or groundlessly. *Id.* There is no abuse of discretion in the denial of error coram nobis relief when the claims in the petition were groundless. *Osburn v. State*, 2018 Ark. 341, 560 S.W.3d 774.

## III. *Nature of the Remedy*

A writ of error coram nobis is an extraordinarily rare remedy. *Id.* In coram nobis proceedings, the strong presumption is that the judgment of conviction is valid. *Id.* A petitioner has the burden to demonstrate a fundamental error of fact extrinsic to the record. *Id.* The court issues the writ in compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.*

A writ of error coram nobis is available for addressing errors that are found in one of four categories: (1) insanity at the time of trial; (2) a coerced guilty plea; (3) material evidence withheld by the prosecutor in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

## IV. *Insanity at the Time of Plea Hearing*

2

Hayes contends on appeal that he was suffering from psychosis when he pleaded guilty. Hayes maintains that he had an extensive history of mental disease and received treatment for his conditions. Hayes also alleges that the trial court erroneously accepted his guilty plea before the trial court received the mental evaluation.

Not every manifestation of mental illness reveals incompetence to stand trial. *Bryant v. State*, 2019 Ark. 183, 575 S.W.3d 547. The mere fact that a petitioner suffered from, and was treated for, a mental illness does not establish his incompetence. *Id.* The law presumes a criminal defendant is mentally competent to stand trial, and the burden of proving incompetence is on the defendant. *Id.* When a petitioner seeking the writ makes no assertion that there was any evidence on his incompetence extrinsic to the record, hidden from the defense, or unknown at the time of trial, grounds based on the petitioner's incompetence fail. *Id.*

Hayes was aware of his history of mental instability at the time of his plea, and thus it was not extrinsic to the record. He waived his right to consideration of the court-ordered mental evaluation or to otherwise challenge his competency to plead guilty. *Id.*; s*ee also Hayes v. Kelley*, 2020 Ark. 79 (rejecting Hayes's argument that trial court did not have jurisdiction to accept plea before receipt of the mental evaluation). In any event, Hayes attached the court-ordered mental evaluation, which found him competent. Furthermore, the transcript of the plea hearing contained no evidence that Hayes suffered from psychosis at the time.

V. *Coercion*

As a second claim for relief, Hayes contends his guilty plea resulted from coercion. He states that officers at the detention center mistreated him by manipulating the temperature of his cell, not allowing him to shower, refusing to turn on the lights, and failing to provide him with his medications. On appeal, Hayes also alleges that counsel coerced his plea by threatening him with the possibility of a more severe sentence if Hayes went to trial.

To prevail on a claim of a coerced guilty plea, the petitioner must establish that the plea resulted from fear, duress, or threats of mob violence as recognized by this court as grounds for a finding of coercion. *Hall v. State*, 2018 Ark. 319, 558 S.W.3d 867. Mere pressure to plead guilty occasioned by the fear of a more severe sentence is not considered coercion. *Gray v. State*, 2018 Ark. 79, 540 S.W.3d 658.

This court has held that a later allegation that conditions in a county jail coerced a guilty plea is insufficient when a defendant was represented by counsel and informed the trial court the plea was voluntary. *Davis v. State*, 267 Ark. 507, 592 S.W.2d 118 (1980). The trial transcript reveals that the trial court specifically asked Hayes if anyone had threatened or hurt him to get him to change his plea to which Hayes responded, "No sir." Finally, the court-ordered mental evaluation reveals that Hayes reported to the evaluator that he had "no problems with the jail staff." Hayes has failed to demonstrate that his plea resulted from fear, duress, or threats of mob violence. *Hall*, 2018 Ark. 319, 558 S.W.3d 867.

## VI. Brady *Violation*

There are three elements of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the

State must have suppressed evidence, either willfully or inadvertently; and (3) prejudice must have ensued. *Carner v. State*, 2018 Ark. 20, 535 S.W.3d 634.

When a petitioner alleges a *Brady* violation in coram nobis proceedings, the facts alleged in the petition must establish that there was evidence withheld that was both material and prejudicial. *Martinez-Marmol v. State*, 2018 Ark. 145, 544 S.W.3d 49. Evidence is material if there is a reasonable probability that, had the State disclosed the evidence, the result of the proceeding would have been different. *Id.*

Hayes alleges that the State withheld the victim's inconsistent statements to investigators about her age during the time of the abuse. He alleges that she told investigators the abuse took place between the ages of eleven and thirteen and stated that she was sexually abused between the ages of eleven and sixteen.[1]

Even if Hayes's allegations of an inconsistency in the victim's statements are considered true, he does not establish that there is a reasonable probability that the alleged inconsistency in the age range in which the abuse took place would have changed the result of the proceedings. *McClinton v. State*, 2020 Ark. 153, 597 S.W.3d 647. The record reveals that Hayes confessed to Investigator Parsons that he had sexually abused his daughter, confessed the abuse to the psychiatrist who conducted the court-ordered mental evaluation, and pleaded guilty to sexually assaulting his daughter on four occasions when she was

---

[1]In the petition filed by Hayes in the trial court, he alleged that the prosecution withheld evidence of the victim's previous mental-health records. But Hayes does not raise this argument on appeal, and thus he abandons it. *Anderson v. State*, 2011 Ark. 461, 385 S.W.3d 214.

between the ages of eleven and thirteen. The trial court did not abuse its discretion by denying Hayes's petitions for writs of error coram nobis.

Affirmed.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** Denying Steven C. Hayes's petition for a writ of error coram nobis without an evidentiary hearing is clearly an abuse of discretion. In his petition submitted to and summarily dismissed by the circuit court, Mr. Hayes asserted three grounds: (1) he was insane when he pleaded guilty, (2) his guilty plea was coerced, and (3) the State withheld exculpatory evidence. Each of these grounds was supported by specific facts that, at the very least, entitled him to an evidentiary hearing.

I. *Insanity at the Time of Plea Hearing*

Mr. Hayes not only claimed that he was suffering from mental illness but also attached a considerable amount of documentary evidence to his error coram nobis petition substantiating this fact. This documentary evidence indicated that he was receiving Social Security Disability for his mental illness. Further, these documents substantiated that he had been treated at Arkansas State Hospital, Bridgeway, Rivendale, Living Hope, Malvern Hospital, Baptist Hospital, and the Little Rock Community Mental Health Center. Mr. Hayes was prescribed a lengthy list of psychotropic medications including chlorpromazine--the generic form of the powerful antipsychotic drug Thorazine--lithium, Dilantin, venlafaxine, and trazodone.

6

Significantly, Mr. Hayes alleged that at the time preceding his guilty plea, jailors at the Saline County Detention Facility were withholding or only sporadically giving him his medication. He claimed that this resulted in him suffering psychotic episodes, including when he was given his court-ordered mental evaluation. Accordingly, Mr. Hayes asserts that he was incapable of making a knowing and intelligent guilty plea. Mr. Hayes finally asserts that he was able to enter his guilty plea only because he said what chief deputy prosecutor Rebecca Bush told him to say.

It is essential to remember that the circuit court denied Mr. Hayes's petition without an evidentiary hearing. This is improper. Because postconviction cases are "civil in nature," *Walden v. State*, 2016 Ark. 306, 498 S.W.3d 725, in the pleading stage, all allegations are treated as true, and dismissal of his case is only legally justified if he has failed to state a cause of action. Ark. R. Civ. P. 12(b)(6). In short, Mr. Hayes has made a prima facie case for finding that he was not mentally competent at the time he entered his guilty plea. Likewise, he has made a prima facie showing that he was incapable of waiving the entry of the court-ordered mental evaluation. For these reasons alone, this court should reverse this case and remand it to the circuit court for an evidentiary hearing. Certainly the majority's resort to *Bryant v. State*, 2019 Ark. 183, 575 S.W.3d 547, does not compel a different conclusion. This court rejected Mr. Bryant's motion to pursue a belated appeal because his petition to the circuit court failed to plead facts that would establish his entitlement to a writ of error coram nobis. As noted previously, that is not the case in the matter before us.

The majority is likewise grasping at straws when it attempts to rationalize the manifestly incorrect circuit court decision by finding that "Hayes was aware of his history of mental instability at the time of his plea, and thus it was not extrinsic to the record." Such an assertion betrays a complete misunderstanding of mental illness. Suffice it to say that Mr. Hayes could not *rationally* relate to the proceedings if he was mentally ill. This pivotal fact question of whether he was mentally incapacitated at the time is yet to be resolved by an evidentiary hearing.

Finally, it is puzzling that the majority would refer to the transcript of the plea hearing to shore up its opinion. The transcript of the plea hearing was not made part of the original record in this case. It was not appended to Mr. Hayes's petition. It was not introduced at a hearing because the circuit court did not hold an evidentiary hearing. As noted previously, the circuit court dismissed Mr. Hayes's petition by finding that he failed to plead a basis for error coram nobis relief. So, where did the transcript come from?

Regardless of whether it is properly before this court, the transcript of the plea hearing does not resolve the question of whether Mr. Hayes was mentally competent to plead guilty. Aside from his ability to recognize that he was in court for a guilty plea and that the proceeding was presided over by Judge Robert Hertzfeld, almost all of the other responses were affirmative replies to the judge's questions. Significantly, to the extent that a more

expansive answer was required, such as when Mr. Hayes was asked to allocate, Mr. Hayes proved that he did not understand the nature of the charges:[1]

_____

[1]Arkansas Code Annotated section 5-14-124 provides in pertinent part

(a) A person commits sexual assault in the first degree if:

(1) The person engages in sexual intercourse or deviate sexual activity with a minor who is not the actor's spouse and the actor is:

(A) Employed with the Division of Correction, the Division of Community Correction, the Department of Human Services, or any city or county jail or a juvenile detention facility, and the victim is in the custody of the Division of Correction, the Division of Community Correction, the Department of Human Services, any city or county jail or juvenile detention facility, or their contractors or agents;

(B) Employed by or contracted with the Division of Community Correction, a local law enforcement agency, a court, or a local government and the actor is supervising the minor while the minor is on probation or parole or for any other court-ordered reason;

(C) A mandated reporter under § 12-18-402(b) and is in a position of trust or authority over the victim and uses the position of trust or authority to engage in sexual intercourse or deviate sexual activity; or

(D) An employee in the victim's school or school district, a temporary caretaker, or a person in a position of trust or authority over the victim; or

(2) The person is a teacher, principal, athletic coach, or counselor in a public or private school in kindergarten through grade twelve (K-12) and the actor:

(A) Engages in sexual intercourse or deviate sexual activity with a person who is not the actor's spouse and the victim is:

(i) Less than twenty-one (21) years of age; and

THE COURT: Therefore, to the offenses of four counts of sexual assault in the first degree, how do you plead?

THE DEFENDANT. Guilt [sic].

THE COURT: Very briefly, tell me what you did to constitute those offenses.

THE DEFENDANT: I touched my daughter inappropriately. That's in all four cases.

DEFENSE COUNSEL: Was in on private areas?

THE DEFENDANT: In private areas.

THE PROSECUTOR: Vagina and breasts.

THE DEFENDANT: Vagina and breasts.

THE COURT: On four different occasions?

THE DEFENDANT: Yes.

THE COURT: How old was she?

THE DEFENDANT. Eleven to thirteen.

---

(ii) A student enrolled in the public or private school employing the actor; and

(B) Is in a position of trust or authority over the victim and uses his or her position of trust or authority over the victim to engage in sexual intercourse or deviate sexual activity.

(b) It is no defense to a prosecution under this section that the victim consented to the conduct.

(c) It is an affirmative defense to a prosecution under subdivision (a)(1)(D) of this section that the actor was not more than three (3) years older than the victim.

(d) Sexual assault in the first degree is a Class A felony.

10

THE COURT: That was here in Saline County?

THE DEFENDANT. Yes.

Apparently, the majority believes that evidentiary hearings are unnecessary because it can draw "evidence" from anywhere when it comes to keeping relief via a writ of error coram nobis "an extremely rare remedy."

## II. *Coercion*

The majority correctly notes that to prevail on a claim of a coerced guilty plea, the petitioner must establish that the plea resulted from fear, duress, or threats of mob violence. *Hall v. State*, 2018 Ark. 319, 558 S.W.3d 867. Certainly Mr. Hayes alleged that during his confinement, he was subjected to considerable duress. He alleged that he was denied food, his cell was made so cold that his toilet water froze overnight, he was denied his medication so that he experienced visual and auditory hallucinations--the floor looked like quicksand and he heard voices--and he was kept in the dark twenty-four hours a day. He was aware that the jailors mistreated him because he had been accused of sexually abusing a child. He found the treatment so intolerable that he pleaded guilty to end his suffering. In my view, this treatment went well beyond mere "pressure to plead guilty."

Furthermore, the majority's reliance on *Davis v. State*, 267 Ark. 507, 592 S.W.2d 118 (1980), is misplaced. While it is true that Davis alleged unsanitary conditions in the jail where he was being held as well as the denial of medical treatment, the *Davis* court noted that Davis was allowed to make these allegations at his evidentiary hearing. *Id.* Additionally,

11

there was no suggestion in *Davis* that the appellant was mentally ill, as in the case before us.

Like Davis, Mr. Hayes should have been given an evidentiary hearing.

### III. Brady *Violation*

In rejecting Mr. Hayes's allegations of a *Brady* violation, the circuit court found that

> [Mr. Hayes] does not state how, even if the Court were to assume that every word in his petitions are true, the so-called new evidence and/or prosecutorial misconduct would likely result in his acquittal if his petition were to be granted. Indeed, no amount of new evidence could overcome the fact that he admitted his guilt to Investigator Parsons, and, when he pled guilty, he admitted that he was in fact guilty.

Obviously, the circuit court did not apply the correct standard when evaluating Brady claims. As the majority notes, there are three elements of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the State must have suppressed evidence, either willfully or inadvertently; and (3) prejudice must have ensued. *Carner v. State*, 2018 Ark. 20, 535 S.W.3d 634. The circuit court imposed a total acquittal standard. But that error of law alone is not the whole story.

Contrary to the majority's assertions, the withheld evidence was not merely some inconsistent statements on the part of the victim. According to Mr. Hayes's petition, the State also withheld evidence that the Arkansas State Police Crimes Against Children Division had found that the alleged victim had been sexually abused by her maternal grandfather, James Randal Beck. Also, Mr. Hayes alleges that the State withheld the alleged victim's counseling records, which would have aided in his defense. Finally, the so-called admissions of guilt made by Mr. Hayes in open court do not substantiate his having

12

committed first-degree sexual assault. As for his other so-called admissions, Mr. Hayes claimed that Jesus told him to engage in sexual contact with the alleged victim. Obviously, that was a manifestation of mental illness rather than a confession of guilt.

I would reverse and remand this case for an evidentiary hearing.

I dissent.

*Stephen C. Hayes*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.