Cite as 2020 Ark. 370

# SUPREME COURT OF ARKANSAS

No. CR-19-176

| | | |
|---|---|---|
| RONNIE FLOW | | **Opinion Delivered:** November 12, 2020 |
| | APPELLANT | PRO SE APPEAL FROM THE COLUMBIA COUNTY CIRCUIT COURT |
| V. | | [NO. 14CR-16-15] |
| STATE OF ARKANSAS | | HONORABLE DAVID W. TALLEY, JR., JUDGE |
| | APPELLEE | |
| | | AFFIRMED. |

**ROBIN F. WYNNE, Associate Justice**

Appellant Ronnie Flow appeals from the trial court's denial of his pro se petition for a writ of error coram nobis wherein he alleged that his guilty plea was coerced and that he was insane when the plea was entered. The trial court conducted a hearing on Flow's petition, and Flow testified at the hearing along with his mother, Jacki Flow, and his trial counsel, Garnet Norwood. After the hearing, the trial court entered an order concluding that Flow had failed to demonstrate entitlement to issuance of the writ. Because the trial court did not abuse its discretion in denying relief, we affirm.

I. *Background*

In May 2017, Flow entered into a plea agreement pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1977). In exchange for his plea, the charges of two counts of rape were amended to second-degree sexual assault. During the course of the plea hearing, while Flow did not

admit guilt, he did admit that the State could carry its burden of proof that he was guilty of engaging in sexual intercourse with the victims who were aged eleven and thirteen and who were under his care and custody when they were assaulted. Flow was sentenced to 240 months' imprisonment on count one of the charges and to 60 months' imprisonment with 180 months suspended on count two of the charges, for an aggregate term of 300 months' imprisonment. The record lodged in this court was supplemented with the transcript of Flow's plea hearing and the transcript of the hearing conducted on Flow's petition for a writ of error coram nobis. On appeal, Flow does not argue that he was insane at the time of his plea but reasserts his argument that his guilty plea was coerced.[1]

## II. *Standard of Review*

The standard of review of an order entered by the trial court on a petition for writ of error coram nobis is whether the trial court abused its discretion in granting or denying the writ. *Osburn v. State*, 2018 Ark. 341, 560 S.W.3d 774. An abuse of discretion occurs when the trial court acts arbitrarily or groundlessly. *Id.* The trial court's findings of fact on which it bases its decision to grant or deny the writ will not be reversed on appeal unless those findings are clearly erroneous or clearly against the preponderance of the evidence. *Id.*

## III. *Nature of the Writ*

A writ of error coram nobis is an extraordinarily rare remedy, and proceedings for the writ are attended by a strong presumption that the judgment of conviction is valid. *Jackson*

---

[1]Arguments raised below but not on appeal are considered abandoned. *Price v. State*, 2019 Ark. 323, 588 S.W.3d 1.

*v. State*, 2018 Ark. 227, 549 S.W.3d 356. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.* The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Id.* It is the petitioner's burden to show that a writ of error coram nobis is warranted. This burden is a heavy one because a writ of error coram nobis is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Rayford v. State*, 2018 Ark. 183, 546 S.W.3d 475.

IV. *Grounds for Writ*

A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Id.* The burden is on the petitioner in the application for coram nobis relief to make a full disclosure of specific facts relied upon and not to merely state conclusions as to the nature of such facts. *Barnett v. State*, 2020 Ark. 222, 601 S.W.3d 409. To prevail on a claim that a writ of error coram nobis is warranted because a plea was coerced, the petitioner bears the burden of establishing that the plea was the result of fear, duress, or threats of mob violence as previously recognized by this court as grounds for a finding of coercion. *Carroll v. State*, 2020 Ark. 160.

V. *Claim for the Writ*

As stated above, Flow argues on appeal that the trial court erred when it denied issuance of the writ based on his claim that his guilty plea was coerced. Flow testified at the hearing and contends in his argument on appeal that the following events coerced him into pleading guilty: (1) Flow was assaulted by a fellow inmate in the county jail and his injuries from the assault were initially ignored by the deputy at the jail, and that Flow was otherwise harassed and threatened by the officers in charge of the Columbia County jail; (2) Flow's mother and cousin were arrested for witness tampering related to his criminal charges; (3) Flow's father died while Flow was incarcerated, and he was not allowed to attend the funeral; (4) a social worker who was providing Flow with therapy was terminated; and (5) the trial court threatened to bring additional charges against Flow if Flow continued to file pro se pleadings as he was represented by counsel. The supplemental record that includes transcripts from Flow's guilty-plea hearing and coram nobis hearing contradict Flow's claims that his plea was the result of coercion.

At his plea hearing, Flow confirmed to the court that no one had abused or threatened him to enter his guilty plea. The testimony at the coram nobis hearing and the exhibits attached to Flow's petition establish that the events cited above occurred months before Flow agreed to the plea deal. For example, Flow filed a grievance with the county jail regarding the assault by a fellow inmate and harassment by the county-jail officers in March 2016—over a year before Flow agreed to the plea deal. Likewise, the arrest of Flow's mother and cousin occurred in 2016. The newspaper clipping attached to Flow's petition shows that

4

the trial court warned Flow not to file further pro se pleadings in January 2017, several months before Flow agreed to the plea deal.

Furthermore, Flow's counsel testified that he went over the options with Flow and Flow's family at length before Flow agreed to the plea deal. Flow's counsel stated that Flow pleaded guilty because he had a prior conviction for sexual abuse of a minor and that Flow could possibly face a life sentence if found guilty of two counts of rape. Flow's counsel stated that Flow's decision to plead guilty was not the result of coercion but was the result of the evidence the prosecution was prepared to present at trial including the testimony of the two victims. In sum, according to his counsel, Flow's decision to plead guilty was based on the fear of receiving a greater sentence than the one proposed in the plea agreement. Mere pressure to plead guilty occasioned by the fear of a more severe sentence is not coercion. *Ramirez v. State*, 2018 Ark. 32, 536 S.W.3d 614.

The trial court issued a detailed order setting forth multiple findings of fact as a basis for denying relief and in so doing found that the testimony of Flow's counsel was more credible than Flow's testimony. When the trial court considers a claim for issuance of a writ of error coram nobis, it is tasked with resolving factual disputes, and when it acts as fact-finder, the trial court determines the credibility of the witnesses. *Pitts v. State*, 2020 Ark. 7, 591 S.W.3d 786. This court reviews the trial court's factual findings for clear error. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with a definite and firm conviction that a mistake has been made. *Id.* The trial court did not clearly err when it gave greater weight to

5

the testimony of Flow's counsel and did not abuse its discretion when it denied Flow's petition for coram nobis relief.

Affirmed.

*Ronnie Flow*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.