Cite as 2021 Ark. 113

# SUPREME COURT OF ARKANSAS
**No.** CR-20-573

| | |
|---|---|
| CHRISTOPHER EVERETT<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** May 13, 2021<br><br>PRO SE APPEAL FROM THE INDEPENDENCE COUNTY CIRCUIT COURT<br>[NO. 32CR-18-343]<br><br>HONORABLE TIM WEAVER, JUDGE<br><br><u>AFFIRMED</u>. |

**BARBARA W. WEBB, Justice**

Christopher Everett appeals from the trial court's denial of his pro se petition for a writ of error coram nobis. We affirm because the trial court did not abuse its discretion in denying relief.

## I. *Background*

Everett pleaded guilty in July 2019 to three counts of first-degree assault, theft by receiving, and second-degree battery. He was sentenced to nine months in the county jail for the three assault charges, which was to be served consecutively to concurrent sentences of 120 months' imprisonment for theft by receiving and second-degree battery.

## II. *Standard of Review*

The standard of review of an order entered by the trial court on a petition for writ of error coram nobis is whether the trial court abused its discretion in granting or denying the writ. *Osburn v. State*, 2018 Ark. 341, 560 S.W.3d 774. An abuse of discretion occurs

when the trial court acts arbitrarily or groundlessly. *Id*. The trial court's findings of fact on which it bases its decision to grant or deny the petition for writ of error coram nobis will not be reversed on appeal unless those findings are clearly erroneous or clearly against the preponderance of the evidence. *Id*.

## III. *Nature of the Writ*

A writ of error coram nobis is an extraordinarily rare remedy. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The function of the writ is to obtain relief from a judgment due to some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward prior to the entry of the judgment. *Jackson v. State*, 2018 Ark. 227, 549 S.W.3d 356. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Id*. It is the petitioner's burden to show that a writ of error coram nobis is warranted. This burden is a heavy one because a writ of error coram nobis is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Rayford v. State*, 2018 Ark. 183, 546 S.W.3d 475.

## IV. *Grounds for the Writ*

Everett contended that he was entitled to the writ pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). A *Brady* violation is a ground for issuance of the writ because it involves the withholding of material evidence by the prosecutor. To establish a *Brady* violation, the petitioner must satisfy three elements: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must

2

have ensued. *Buchanan v. State*, 2019 Ark. 19, 565 S.W.3d 469. The mere allegation of a *Brady* violation is insufficient to provide a basis for error coram nobis relief. *Id*. In *Strickler v. Greene*, the United States Supreme Court revisited *Brady* and declared that evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." 527 U.S. 263, 280 (1999).

V. *Claims for Issuance of the Writ*

Everett contends that he was denied an Act 3 mental-health evaluation before he pleaded guilty and reasserts the claim in his argument on appeal. Allegations regarding the access to a mental-health evaluation do not constitute a showing of evidence extrinsic to the record that could not have been argued at the time of trial.[1] *Davis v. State*, 2019 Ark. 20, 566 S.W.3d 111. The writ functions to correct mistakes of fact, not mistakes of law. *Id*.

Everett further contends that he was coerced into pleading guilty as a result of the abuse he received at the hands of the county-jail guards. He alleges that he was further threatened by both the prosecutor and his own counsel that his treatment would become worse if he did not plead guilty. The trial court noted in its order denying relief that Everett had made the same allegations of coercion in a previous coram nobis petition and that a hearing was held on Everett's allegations of coercion, which the court concluded were unfounded.

When the trial court considers a claim for issuance of a writ of error coram nobis, it is tasked with resolving factual disputes, and when it acts as fact-finder, the trial court

---

[1]When a defendant enters a plea of guilty, the plea is his trial. *Trammel v. Kelley*, 2020 Ark. 342, 610 S.W.3d 158.

determines the credibility of the witnesses. *Flow v. State*, 2020 Ark. 370. This court reviews the trial court's factual findings for clear error. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the appellate court is left with a definite and firm conviction that a mistake has been made. *Id.* Here, the trial court did not clearly err when, after conducting a hearing on the previous claim, it concluded that Everett's allegations of coercion were unfounded.

Everett next makes several claims that he was incompetent when he pleaded guilty and did not enter the plea knowingly and intelligently. He alleged that he has a history of mental illness, and he was therefore insane when he pleaded guilty. He also contended below and in his argument on appeal that, at the time of his plea, he was intoxicated on methamphetamine and an antipsychotic medication. Not every manifestation of mental illness reveals incompetence to stand trial. *Hayes v. State*, 2020 Ark. 311, 608 S.W.3d 142. The mere fact that a petitioner suffered from, and was treated for, a mental illness does not establish his incompetence. *Id.* The law presumes a criminal defendant is mentally competent to stand trial, and the burden of proving incompetence is on the defendant. *Id.* When a petitioner seeking the writ makes no assertion that there was any evidence on his incompetence extrinsic to the record, hidden from the defense, or unknown at the time of trial, the writ will not lie to grant the sought-after relief. *Id.*

Here, Everett was clearly aware of his history of mental illness when he pleaded guilty and was also aware of his voluntary intoxication at the same time. Everett's allegations of incompetence and insanity fail to state a claim for coram nobis relief. Moreover, Everett's assertion that his plea was not intelligently made is a claim that can only be brought in a

4

timely filed petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 and is not a cognizable claim for coram nobis relief. *Malone v. State*, 2019 Ark. 273, 584 S.W.3d 676.

Finally, Everett claims that a *Brady* violation occurred when the prosecutor withheld evidence of his innocence, that he was mentally incompetent, and that he was being threatened by the county-jail guards. In his argument on appeal, Everett merely makes a conclusory allegation that the prosecutor withheld evidence.[2] However, he failed to identify what evidence was withheld from the defense. The burden is on the petitioner seeking a writ of error coram nobis to make a full disclosure of specific facts that substantiate the merit of a *Brady* claim. *Mosley v. State*, 2018 Ark. 152, 544 S.W.3d 55. Because Everett did not disclose what material evidence establishing his innocence was withheld by the prosecutor, his claim in this regard is wholly conclusory and he failed to establish what evidence was available to the State prior to trial but was not possessed by the defense. *See Smith v. State*, 2020 Ark. 408.

Everett's multiple claims for error coram nobis relief on appeal fail because they are conclusory, lack supporting evidence, and do not fall within the purview of an error coram nobis proceeding.

Affirmed.

*Christopher Everett*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.

---

[2]In the petition filed below, Everett alleged that the prosecutor withheld evidence of his innocence but does not include this specific allegation in his argument on appeal.