Cite as 2021 Ark. 210

# SUPREME COURT OF ARKANSAS

No. CR–18–546

| | |
|---|---|
| KWASI MCKINNEY<br><br>                                    PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>                                    RESPONDENT | **Opinion Delivered:**  November 12, 2021<br><br>PRO SE FOURTH PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS<br>[COLUMBIA COUNTY CIRCUIT COURT, NO. 14CR–16–35]<br><br>PETITION DENIED. |

**ROBIN F. WYNNE, Associate Justice**

Petitioner Kwasi McKinney brings this pro se petition to reinvest jurisdiction in the trial court to allow him to file a petition for writ of error coram nobis in his criminal case. It is the fourth such petition filed by McKinney in this court. In the petition, McKinney alleges that the writ should issue because (1) he was mentally ill at the time of trial because he was forced to go to trial with a defense attorney who admitted that he (counsel) was not ready for trial; (2) his trial attorney did not afford him effective assistance of counsel; (3) the trial court erred by not permitting counsel to withdraw before trial and by not holding a hearing on the prejudice that McKinney suffered by not being able to communicate with counsel; (4) his inability to communicate with counsel amounted to a conflict of interest that prevented him from having a rational or factual understanding of the trial proceedings, and thus, he was rendered incompetent to stand trial. Because the claims raised by McKinney do not establish a ground for the writ, the petition is denied.

## I. *Nature of the Writ*

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

## II. *Grounds for the Writ*

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id*. A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

III. *Background*

In 2016, a jury found McKinney guilty of multiple drug-related offenses.[1] An aggregate sentence of 1848 months' imprisonment was imposed. In 2018, the Arkansas Court of Appeals affirmed McKinney's convictions for delivery and possession of methamphetamine. *McKinney v. State*, 2018 Ark. App. 10, 538 S.W.3d 216. The court of appeals reversed and remanded the remaining judgments, holding that the trial court had abused its discretion in denying McKinney's motions to suppress his statement and the search of his house and in denying his request for a hearing on his motion to suppress his statement. After the remand was completed, the trial court entered orders denying McKinney's motion to suppress statement, his motion to suppress search, and his motion for the trial court to recuse itself. On appeal, the court of appeals affirmed all the orders. *McKinney v. State*, 2019 Ark. App. 347, 583 S.W.3d 399.

IV. *Ineffective Assistance of Counsel as a Ground for the Writ*

McKinney's allegations that his attorney failed to represent him adequately are clearly ineffective-assistance-of-counsel claims that should have been raised under our postconviction rule, Arkansas Rule of Criminal Procedure 37.1 (2018).[2] Allegations of ineffective assistance of counsel are not cognizable in coram nobis proceedings. *Brown v. State*,

---

[1]Delivery of methamphetamine, possession of methamphetamine, maintaining a drug premises, simultaneous possession of drugs and a firearm, possession of methamphetamine with intent to deliver, and possession of a firearm by certain persons.

[2]McKinney filed a petition under Rule 37.1 in the trial court. It was denied, and the Arkansas Court of Appeals affirmed the order. *McKinney v. State*, 2021 Ark. App. 235, 626 S.W.3d 110.

2019 Ark. 348, 587 S.W.3d 550. A petitioner's claim that he or she was denied effective counsel either at trial or on appeal does not demonstrate a fundamental error of fact extrinsic to the record that warrants issuance of the writ. *Pugh v. State*, 2019 Ark. 319, 587 S.W.3d 198. Coram nobis proceedings are not to be used as a substitute for timely raising ineffective-assistance-of-counsel allegations under Rule 37.1. *Hutcherson v. State*, 2019 Ark. 318, 587 S.W.3d 204; *see also Wooten v. State*, 2018 Ark. 198, 547 S.W.3d 683.

McKinney's contention that the trial court erred by not granting a motion to relieve counsel is merely another means of arguing that counsel was ineffective. Moreover, even if the claim could be considered as an assertion of trial error, questions of trial error are properly raised at trial and on the record on appeal. A claim of trial error is not a ground for the writ. *Davis v. State*, 2019 Ark. 20, 566 S.W.3d 111. The writ functions to correct mistakes of fact, not mistakes of law. *Id*.

V. *Insanity or Incompetence as a Ground for the Writ*

McKinney argues that because he and counsel did not communicate well, and because he disagreed vehemently with counsel's handling of the trial, he did not understand the nature of the proceedings against him and was unable to assist in the preparation of his defense. He concludes that his state of mind at trial amounted to "insanity" within the meaning of that term as a ground for coram nobis relief. The claim is unavailing.

A court is not required to accept the allegations in a petition for writ of error coram nobis at face value without factual substantiation, *Rayford v. State*, 2018 Ark. 183, 546 S.W.3d 475, and McKinney provides no factual substantiation to establish that his poor

4

relationship with counsel or counsel's ineffectiveness rendered him incompetent at the time of trial. The law presumes a criminal defendant is mentally competent to stand trial, and the burden of proving incompetence lies with the defendant. *Hayes v. State*, 2020 Ark. 311, 608 S.W.3d 142. When a petitioner seeking the writ makes no assertion that there was any evidence (1) of his incompetence extrinsic to the record, (2) hidden from the defense, or (3) unknown at the time of trial, grounds based on the petitioner's incompetence fail. *Id.* As stated, if McKinney was not afforded effective assistance of counsel at trial, his remedy would be a timely petition for postconviction relief under Rule 37.1.

Petition denied.

*Kwasi McKinney*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for respondent.